UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMEL LEE DAVIS-HUSSUNG,

    Plaintiff,

v.

SERGEANT LOGAN, et. al.,

    Defendants,

Case No. 24-cv-12853

Honorable Robert J. White

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT AND DIRECTING THE UNITED STATES MARSHAL TO SERVICE PROCESS ON CORRECTIONS OFFICER GOLDSMITH AND DR. FOLTZ**

I.    Introduction

Before the Court is Romel Lee Davis-Hussung's *pro se* complaint. (ECF No. 1). He is currently incarcerated with the Michigan Department of Corrections ("MDOC") at the Carson City Correctional Facility. (ECF No. 6). Davis-Hussung is authorized to proceed without prepaying the filing fee pursuant to 28 U.S.C. § 1915(a). (ECF No. 5). For the following reasons, the complaint is dismissed in part. And the United States Marshals Service is directed to serve process on Corrections Officer Goldsmith and Dr. Foltz.

II.     Background

Davis-Hussung was incarcerated at the Egeler Reception and Guidance Center in Jackson, Michigan in November through December 2023. (ECF No. 1, PageID.14). During that time, he alleges that Corrections Officer Hobbs prepared him for transport to 36th District Court for two preliminary examinations on unspecified felony charges. According to Davis-Hussung, Officer Hobbs began reading his legal documents and prior grievances against various MDOC employees. Officer Hobbs also removed legal documents that Davis-Hussung needed for his court appearance, as well as some personal property. When Davis-Hussung complained about these incidents, Officer Hobbs, Corrections Officers Dalianis-Turner and Tolford, and Sergeant Logan allegedly slammed him to the floor, and punched, choked, and tazed him. Although he was injured during the assault, Davis-Hussung alleges that Corrections Officer Goldsmith and Dr. Foltz, a prison physician, refused to provide him medical care.

MDOC officials charged Davis-Hussung with a Class 1 misconduct for assaulting a corrections officer. And at a subsequent hearing, ALJ Schneider found him guilty of misconduct. Davis-Hussung claims that he received a more restrictive security level designation because of the conviction. He further maintains that he was placed in administrative segregation, denied access to his personal property and writing materials, and that he could not shower for eight days. And he contends that

2

he lacked cleaning supplies during the twenty-four days he was housed in segregation.

MDOC transferred Davis-Hussung to the Saginaw Correctional Facility sometime in January 2024. He asserts that prison staff there refused to mail his legal correspondence. He does not specify the nature of these legal communications other than that they pertained to litigation in Ingham County Circuit Court.

While incarcerated at the facility, Davis-Hussung claims that prison officials refused to transport him to 36th District Court for his preliminary examinations and denied him access to his attorney. Appended to the complaint, however, are two orders from 36th District Court dismissing his criminal cases – the first, because the complaining witness failed to appear; the second, on account of insufficient evidence. (ECF No. 1, PageID.77, 79).

Davis-Hussung filed numerous grievances with MDOC to no avail. He argues, among other things, that the denial of these grievances, as well as his placement on modified access status (which apparently limits his ability to file grievances), violates the Fourteenth Amendment's Due Process Clause.

III.  Legal Standards

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

3

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

IV. Analysis

    A. *Claims Against Corrections Officers Hobbs, Dalianis-Turner, Tolford, Sergeant Logan, and ALJ Schneider*

To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must show that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The *Heck* doctrine has

4

been extended to prisoner civil rights suits involving challenges to the procedures used to deprive inmates of good time credits.

Following *Heck*, the United States Supreme Court held in *Edwards v. Balisok*, 520 U.S. 641, 646-648 (1997), that a state prisoner's damages claim for procedural due process violations in a disciplinary hearing, which resulted in the deprivation of disciplinary credits, was not cognizable under section 1983 because it would necessarily implicate the hearing's validity.

Here, Davis-Hussung's claim that the corrections officers used excessive when they assaulted him is not cognizable under section 1983 because he was found guilty of a major misconduct violation for assaulting a corrections officer during this same incident. And a finding of excessive force would necessarily imply the invalidity of his disciplinary conviction, where the ALJ implicitly found that the officers' actions were justified. *See Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003). Likewise, Davis-Hussung's objection to the loss of his "good time" credits would affect the length of his sentence and is barred under *Heck* and *Edwards*. *See LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013).

As a result, the excessive force and misconduct hearing claims fail to state plausible claims for relief. And Corrections Officers Hobbs, Dalianis-Turner, Tolford, and Sergeant Logan are dismissed from the case without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

The allegations against ALJ Schneider require a different analysis. Prison hearing officers are entitled to absolute judicial immunity from liability stemming from their conduct of administrative hearings. *See Goldsmith v. Sharrett,* 614 F. App'x 824, 827 (6th Cir. 2015); *see also Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). Because he is immune from any suit related to Davis-Hussung's misconduct hearings, the claims against ALJ Schneider must be dismissed with prejudice.[1]

B.   *Security Classification*

Davis-Hussung's related claim – that he received a more restrictive security classification because of the misconduct conviction – equally lacks merit. Inmates have no right to a particular security designation. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Nor do they possess a constitutional right to placement in a particular correctional facility. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). So Davis-Hussung's allegation that MDOC used false or inaccurate information to increase his security classification fails to state a plausible claim for relief. *See Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332–33 (6th Cir. 2001).

---

[1] Grievance Manager Richard D. Russell is also immune from suit for any actions undertaken in reviewing or refusing to reconsider or overturn ALJ Schneider's decision. *See Williams v. Bournay*, 178 F. 3d 1298 (Table), 1999 WL 196532, * 2 (6th Cir. Mar. 22, 1999).

### C. *Essential Personal Items*

Davis-Hussung asserts that he was denied access to personal property, basic hygiene items, writing materials, and access to a shower for eight days. He also contends that he lacked cleaning supplies for twenty-four days when housed in a segregation unit.

Section 1983 allegations must identify the defendants who were personally involved in the alleged deprivation of federal rights. *See Heyerman v. Cnty. Of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Because Davis-Hussung fails to name the individuals responsible for these deprivations his allegations cannot withstand dismissal.

### D. *Supervisory Liability*

Similarly, the complaint must be dismissed against the warden defendants because Davis-Hussung fails to allege how they were personally involved in the alleged unconstitutional deprivations.

Supervisory officials cannot be held liable under section 1983 unless they "encouraged the specific instance of misconduct or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) (quotation omitted). The complaint must plausibly demonstrate that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 803 (quotation omitted).

"Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002).

Applying these standards, the complaint must be dismissed against Warden T. Crisman, Deputy Warden James Malloy, Deputy Warden B. Simmons, and Facility Warden A. Douglas because Davis-Hussung's allegations do not implicate their personal involvement in any of the alleged constitutional violations.

### E.     *Administrative Grievances*

Next, Davis-Hussung's claim that several defendants improperly denied his administrative grievances, or prevented him from filing them, is not actionable. The Sixth Circuit has repeatedly held that the wrongful denial of prison grievances does not violate any federal constitutional right so long as the official who denies the grievance is not involved in the underlying challenged conduct. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under section 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *see also Walker v. Michigan Dept. of Corrections,* 128 F. App'x 441, 445 (6th Cir. 2005) (state prisoner did not have a constitutionally protected due process right in

unfettered access to prison grievance procedures and was not entitled to relief on his claim that he was arbitrarily denied access to the prison's grievance procedures due to modified access procedures); *Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001) (the wrongful denial of a prison grievance does not violate any federal right "as there is no inherent constitutional right to an effective prison grievance procedure."). Nor does Michigan law recognize a liberty interest in prison grievance procedures. *Keenan,* 23 F. App'x at 407 ("state law does not create a liberty interest in the grievance procedure.").

For both these reasons, the administrative grievance claims are dismissed. Grievance Manager Richard D. Russell, Grievance Coordinator S. Flaugher, and Grievance Coordinator Hawkins are dismissed from the case with prejudice.

### F. *Saginaw Correctional Facility*

Davis-Hussung alleges that Prison Counselor Anderson and the Saginaw Correctional Facility mailroom staff refused to send out his legal mail and purposely delivered his incoming mail untimely.

Inmates fail to state a plausible First Amendment claim for interference with legal mail when there is no prejudice to pending or contemplated litigation. *See Truss-El v. Bouchard*, 103 F. App'x 575, 577 (6th Cir. 2004). Because Davis-Hussung failed to allege or show actual prejudice to a material interest in any litigation, his First Amendment right to access the courts was not infringed. *See*

9

*Wilson v. Becker*, 69 F. App'x 669 (6th Cir. 2003).  Prison Counselor Anderson and the Saginaw Correctional Facility mailroom staff are, therefore, dismissed from the case with prejudice.

Davis-Hussung also claims that MDOC officials at the Saginaw Correctional Facility (1) refused to transport him to 36th District Court for two preliminary examinations on unspecified felony charges, and (2) prohibited his criminal defense attorney from visiting him.  But Davis-Hussung's own exhibits show that both cases were dismissed at the preliminary examination stage.  So Davis-Hussung is not entitled to relief because he fails to demonstrate any prejudice. *See Aruanno v. Johnson*, 568 F. App'x 194, 195 (3d Cir. 2014).  And since Intake Manager Johnson's only involvement in this litigation stems from his alleged refusal to assist Davis-Hussung with accessing the courts he is dismissed from the case with prejudice as well.

    G.    *First Amendment Retaliation*

Davis-Hussung further asserts that he was the victim of First Amendment retaliation.  "A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

10

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Even still, "[c]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quotation omitted).

Davis-Hussung does not allege specific facts demonstrating that any of the defendants' actions were motivated by his constitutionally protected conduct. He does not even allege which acts, if any, were retaliatory in nature. And Davis-Hussung's unsupported claim that the defendants harbored retaliatory motives is too conclusory to state a First Amendment retaliation claim. *See McMillan v. Fielding,* 136 F. App'x 818, 820-21 (6th Cir. 2005).

Because Davis-Hussung fails to plead the elements necessary to establish a First Amendment retaliation claim, this cause of action must be dismissed. *See Pack v. Martin*, 174 F. App'x 256, 259 (6th Cir. 2006).

### H.  *Eighth Amendment Deliberate Indifference*

Lastly, Davis-Hussung maintains that Corrections Officer Goldsmith and Dr. Foltz failed to provide him with medical treatment for the injuries he sustained during the altercation with corrections officers at the Egler Reception and Guidance Center. The Eighth Amendment prohibition against cruel and unusual punishment is violated when there is deliberate indifference to an inmate's serious medical needs. *Hicks v. Grey*, 992 F.2d 1450, 1454-1455 (6th Cir. 1993). Viewing the

11

complaint's allegations in Davis-Hussung's favor, they state a plausible claim for relief against both these defendants.

I. *Service of Process*

When a plaintiff is proceeding *in forma pauperis* the district court bears the responsibility for issuing process to the United States Marshals Service, who must affect service upon the defendants once the plaintiff has properly identified them. *See Williams v. McLemore*, 10 F. App'x 241, 243 (6th Cir. 2001); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). For the reasons already discussed, the Court directs the United States Marshals Service to serve process on Corrections Officer Goldsmith and Dr. Foltz. Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed in part.

IT IS FURTHER ORDERED that the complaint is dismissed *with prejudice* as to ALJ Schneider, Warden T. Crisman, Deputy Warden James Malloy, Deputy Warden B. Simmons, Warden A. Douglas, Grievance Manager Richard D. Russell, Grievance Coordinator S. Flaugher, Grievance Coordinator Hawkins, Prison Counselor Anderson, the Saginaw Correctional Facility mailroom staff, and Intake Manager Johnson.

IT IS FURTHER ORDERED that the complaint is dismissed *without prejudice* as to Corrections Officers Hobbs, Dalianis-Turner, Tolford, and Sergeant Logan.

IT IS FURTHER ORDERED that Corrections Officer Goldsmith and Dr. Foltz are the only remaining defendants in this case.

IT IS FURTHER ORDERED that the United States Marshals Services is directed to serve process on Corrections Officer Goldsmith and Dr. Foltz without the prepayment of fees.

Dated: May 7, 2025                s/ Robert J. White
                                                  Robert J. White
                                                  United States District Judge