UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMEL LEE DAVIS-HUSSUNG,

    Plaintiff,

v.

GOLDSMITH and FOLTZ,

    Defendants.

_____/

Case No. 2:24-cv-12853
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT GOLDSMITH'S MOTION TO DISMISS (ECF No. 16) AND TO *SUA SPONTE* DISMISS DEFENDANT DR. FOLTZ[1]

### I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Romel Lee Davis-Hussung, proceeding *pro se*, sued numerous defendants for retaliation, access to the courts, excessive force, and cruel and unusual punishment that he allegedly suffered while incarcerated. (ECF No. 1). Following a dismissal order, only Davis-Hussung's claims against Corrections Officer Goldsmith and Dr. Foltz for deliberate indifference to serious medical needs under the Eighth Amendment

---

[1] Upon review of the parties' papers, the undersigned deemed this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

remain. (ECF No. 7). On May 8, 2025, the matter was referred to the undersigned for all pretrial proceedings. (ECF No. 9).

Before the Court is Goldsmith's motion for summary judgment on the grounds that Davis-Hussung has failed to exhaust his administrative remedies. (ECF No. 16). As will be explained, Davis-Hussung has not filed a response to the motion and the time for doing so has passed. Nevertheless, the Court has reviewed the motion and finds it to be well-taken. Accordingly, for the reasons that follow, the undersigned RECOMMENDS that Goldsmith's motion be GRANTED, and that Dr. Foltz be *SUA SPONTE* DISMISSED. If this recommendation is adopted, the case would be closed.

## II. Procedural History

Davis-Hussung signed and dated his complaint on October 22, 2024, and it was received for filing on October 29, 2024. (ECF No. 1). At the time the complaint was filed, Davis-Hussung was housed at the Saginaw Correctional Facility; however, he sued Goldsmith and Dr. Foltz for events that allegedly took place while he was housed at the Charles E. Egeler Reception and Guidance Center. (*Id.*). Shortly thereafter, on October 31, 2024, Davis-Hussung was informed of his responsibility to notify the Court of any changes to his address and warned that his failure to do so could result in his case being dismissed. (ECF No. 4). Indeed, on February 28, 2025, Davis-Hussung filed a change of address to the

Carson City Correctional Facility. (ECF No. 6). The docket currently reflects this as his address.

On May 7, 2025, the district judge entered an order dismissing all defendants except for Goldsmith and Dr. Foltz (ECF No. 7) and directed Davis-Hussung to complete service documents for service by the U.S. Marshal (ECF No. 8). Both of these orders were returned to the Court as undeliverable to Davis-Hussung. (ECF No. 10). Nevertheless, Goldsmith waived service of the summons and complaint. (ECF No. 12). Dr. Foltz has never been served or otherwise appeared.

On July 15, 2025, the undersigned entered a notice regarding plaintiff's address on July 15, 2025. (ECF No. 13). In that notice the undersigned explained that "[w]hile the docket reflects an address for Davis-Hussung at the Carson City Correctional Facility (DRF), an online search of the Offender Tracking Information System (OTIS) shows that he is now housed at the Macomb Correctional Facility (MRF)." (ECF No. 13, PageID.200). As a one-time courtesy, the Court mailed this notice and the Court's screening opinion and order to Davis-Hussung at both the Carson City and Macomb Correctional Facilities but instructed Davis-Hussung that he "must file another change of address in order to change his address on this docket." (*Id.*). He was cautioned that if he did not and if future filings were returned as undeliverable, his case may be dismissed for lack of prosecution. (*Id.*).

3

Goldsmith then filed the instant motion for summary judgment based on a failure to exhaust on July 30, 2025. (ECF No. 16). The Court ordered that Davis-Hussung respond to the motion by September 2, 2025. (ECF No. 17). On August 13, 2025, the Court's order requiring a response was returned as undeliverable. (ECF No. 18). Further, Davis-Hussung has yet to file a change of address form as required by the Court's July 15, 2025 notice.

### III.    Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion").

"Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Davis-Hussung is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

Regarding Davis-Hussung's failure to respond to the motion for summary judgment, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-381 (6th Cir. 2011) (quoting *Carver v. Bunch*, 946 F.2d 451, 454-5 (6th Cir. 1991)) ("[A] district court cannot grant summary judgment in favor of a movant simply because the

5

adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden."). That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000) (table).

IV. Exhaustion of Administrative Remedies

A. Standard

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90 (internal citations omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204. The PLRA does not

6

detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218. "Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Dismissing a complaint because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

Although the Supreme Court in *Jones* held that exhaustion is an affirmative defense, it explained that an affirmative defense may form the basis of a Rule 12(b)(6) dismissal when "the allegations in the complaint suffice to establish that ground." 549 U.S. at 214–15. As one court in this district explained:

> Although the failure to properly exhaust administrative remedies is an affirmative defense, because the affirmative defense appears on the face of the complaint, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

*Spaulding v. Oakland Cnty. Jail Med. Staff*, No. 4:07-cv-12727, 2007 WL

7

2336216, at *3 (E.D. Mich. Aug. 15, 2007); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. Oct. 27, 1999) ("While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 774 (E.D. Mich. 2009) (finding that the complaint allegations "fail to state a claim because it is obvious on their face that they are unexhausted"); *Bonga v. Abdellatif*, No. 2:16-cv-13685, 2017 WL 6276194, at *3 (E.D. Mich. Dec. 11, 2017) ("It being obvious from the face of [the complaint allegations] that [Plaintiff's] claims . . . have yet to be exhausted as required by 42 U.S.C. § 1997e(a), . . . Plaintiff has failed to state a claim upon which relief may be granted.") (cleaned up), *adopted*, 2018 WL 1312403 (E.D. Mich. Mar. 14, 2018).

The MDOC has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts

that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.* "The grievance process is exhausted once the final response is issued in Step III." *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

B. Application

Goldsmith has attached Davis-Hussung's Step III Grievance Report to his motion. The report includes all grievances filed by Davis-Hussung while incarcerated that were either denied or rejected through the final step of the grievance process through June 23, 2025. (ECF No. 16-3). According to the report, on or around November 20, 2023, Davis-Hussung filed eight grievances related to his allegations. One of these, RGC-23-10-2116-28c related to the injuries and lack of medical care that Davis-Hussung allegedly suffered on that date. Goldsmith argues that this grievance does not exhaust administrative remedies as to him because the grievance only names "Medical" as the party responsible for the failure to provide medical care.

According to the grievance,

9

> On 11/20/23 [Davis-Hussung] was tazed & seriously assaulted by 6 officers. [He] suffered jaw, ear, chest, shoulder, neck, spine, wrist, and leg injuries. Medical refused [him] medical twice, even with [his] jaw severely, abnormally swollen, to the point [he] could not eat. [He] was not given a[n] injury report, and was unable to eat anything from 11/20/23 – 11/22/23 until 11/22/23 when [he] was prescribed "Ensure," to obtain the calories and nutrition needed. [He] was never given ice and medical needs was neglected.

(ECF No. 16-3, PageID.291). The grievance was filed on November 23, 2023, and rejected for containing multiple issues on November 29, 2023. (*Id.*). The rejection was upheld at Steps II and III. (*Id.*, PageID.288-290). Goldsmith does not argue that the grievance fails to exhaust because it was rejected. Instead, he says that the grievance did not exhaust Davis-Hussung's administrative remedies *as to him* because he was not named in the grievance.

As noted above, the MDOC grievance policy requires that inmates include the " '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey*, 603 F.3d at 324. This requirement serves the purpose of "providing prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. The Sixth Circuit has found in some instances that identifying information other than a defendant's name is sufficient to exhaust remedies as to that defendant. *See Mattox v. Edelman*, 851 F.3d 583 (6th Cir. 2017) (finding that identifying an "unnamed RMO" (the RMO being one of a few Regional Medical Officers) who denied the grievant medication as the subject

10

of the grievance was sufficient to exhaust claims against that individual); *Brim v. Welton*, 704 F. App'x 585, 586 (6th Cir. 2017) (finding that the grievant sufficiently identified the defendant by referring to him as the "assistant resident unit supervisor in Unit 7" at Step I). But where grievances are targeted at more general entities, this is not enough to exhaust against individual defendants. *See Hill v. Buchanan*, No. 21-1673, 2022 WL 16580149, at *3 (6th Cir. Sept. 8, 2022) (finding that Step I references "only to 'health care' and 'medical' in general" fail to exhaust claims against the unnamed and unidentified defendants); *Bonga v. Abdellatif*, No. 18-2074, 2019 WL 4580389, at *3 (6th Cir. Apr. 26, 2019) (rejecting argument that grievant exhausted claims against unnamed healthcare personnel "by mentioning 'medical providers' in his grievances").

Here, Davis-Hussung attributed his denial of medical care to "Medical," which does not serve to put corrections officer Goldsmith on notice that he allegedly erred in referring Davis-Hussing for medical treatment after an assault. Therefore, Goldsmith's unopposed motion for summary judgment should be granted.

V. *Sua Sponte* Dismissal of Remaining Defendant

Regarding Dr. Foltz, the undersigned recommends that he be dismissed for failure to exhaust and for lack of prosecution. As to a failure to exhaust, a court dismissing a plaintiff's claims against moving defendants may *sua sponte* dismiss

11

non-moving defendants as well where "it is clear that the same ruling would inevitably apply to each of the defendants." *Rose v. Arkansas Valley Envtl. & Utility Auth.*, 562 F. Supp. 1180, 1189 n. 11 (W.D. Mo. 1983); *see also Boykin v. Mortg. Elec. Registration Sys., Inc.*, No. 2:11-CV-15308, 2012 WL 3029862, at *6 (E.D. Mich. July 6, 2012), *report and recommendation adopted*, 2012 WL 3030741 (E.D. Mich. July 25, 2012).

Here, it is clear that Davis-Hussung's failure to exhaust administrative remedies as to his denial of medical care on November 20, 2023, also applies to Dr. Foltz. This is because Davis-Hussung's grievance relevant to the allegations against Goldsmith and Dr. Foltz only named "Medical," and did not place any individual defendant on notice of a potential claim against them. Therefore, the undersigned recommends *sua sponte* dismissal of Dr. Foltz for failure to exhaust.

As to failure to prosecute, "[i]t is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Additionally, under Local Rule 41.2, "when ... the parties have taken no action for a reasonable time, the Court may, on its own motion after

reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

Before *sua sponte* dismissing a lawsuit for failure to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005). Davis-Hussung was provided with such a warning in the Court's notice regarding plaintiff's address. (ECF No. 13). Indeed, parties who are not represented by counsel must keep the Court informed of their contact information. E.D. Mich. LR 11.2. When a *pro se* party fails to promptly update his contact information, he may face sanctions, including dismissal of the complaint. *Id.*; *Bugg v. Bauman*, No. 2:19-CV-10262, 2020 WL 7346690, at *1 (E.D. Mich. Oct. 19, 2020). Davis-Hussung was also specifically warned that a failure to keep his address updated may result in his case being dismissed for lack of prosecution. (ECF No. 13, PageID.200). Thus, his claims against Dr. Foltz may be dismissed for failure to prosecute.

## VI.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Goldsmith's motion for summary judgment (ECF No. 16) be GRANTED and Dr. Foltz be *SUA SPONTE* DISMISSED. If this recommendation is adopted, the case would be closed.

Dated: November 12, 2025  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
 United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2025.

s/Dru Jennings
DRU JENNINGS
Case Manager